UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELBIT SYTEMS LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 3176 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| CREDIT SUISSE GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Defendant Credit Suisse Group ("Credit Suisse") moves for transfer of the instant action to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404(a); the motion is granted for the reasons below.

## I. BACKGROUND

Plaintiff Elbit Systems Ltd. ("Elbit") filed a complaint (the "Complaint") in this district alleging violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, as well as common law fraud and unjust enrichment. As factual support Elbit offers nearly thirty pages of allegations which allege in essence that Credit Suisse never intended to abide by an agreement to invest Elbit's funds in low-risk investments backed by the United States government and instead intended to and did use Elbit's funds to purchase high-risk securities, some of which were backed by sub-prime real estate loans. Very substantial losses resulted from this alleged misrepresentation and fraud (the Complaint demands $16 million). Elbit maintains that the risk of such loss was never disclosed to it and that Credit Suisse knew of the fraud that lead to Elbit's losses and attempted to cover it up.

## II. LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). A court may grant a motion for transfer if (1) the venue is proper in both the transferor and the transferee district; (2) the convenience of the parties and the witnesses favors transfer; and (3) the interests of justice favor transfer. *See generally Nobbe v. Gen. Motors Corp.*, No. 08 C 4631, 2009 WL 1515269, at *1 (N.D. Ill. May 27, 2009) (citations omitted). It is the moving party's burden to show that the transferee forum is "clearly more convenient" (*Coffey*, 796 F.2d at 219-20) and the balance must weigh strongly in the defendant's favor before a plaintiff's choice of forum will be disturbed. *Cent. States, Se. & Sw. Areas Pension Fund v. Salasnek Fisheries, Inc.*, 977 F. Supp. 888, 890 (N.D. Ill. 1997) (citations omitted); *see also In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003).

## III. ANALYSIS

The parties agree that venue is proper in the Northern District of Illinois or the Southern District of New York; therefore, the court will only consider whether transfer is warranted by the convenience of the parties or witnesses and the interests of justice.

Credit Suisse contends the convenience of the parties and witnesses requires transfer because (1) Elbit's chosen forum is entitled to no deference, (2) the material events raised in the complaint occurred in New York, (3) the Southern District of New York is a more convenient forum for the parties and key witnesses, and (4) the Southern District of New York provides easier access to proof than the Northern District of

Illinois.  *See* Mem. 5-12; *see also Software for Moving, Inc. v. La Rosa Del Monte Express, Inc.*, 2007 WL 4365363, at *6 (N.D. Ill. Dec. 7, 2007) (reciting factors relevant to convenience analysis).  Elbit argues to the contrary that transfer is inappropriate because (1) its choice of forum is entitled to substantial deference, (2) events material to the complaint occurred in Zurich, Switzerland, and Chicago as well as New York, and (3) neither relevant witnesses nor the parties will be inconvenienced by litigating in the Northern District of Illinois.  Resp. 4-12.

A plaintiff's choice of venue is entitled to deference where the plaintiff resides in the chosen forum or the cause of action conclusively arose in the chosen forum.  *See St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp.*, No. 05 C 5484, 2006 WL 1543275, at *2 (N.D. Ill. June 1, 2006).  Neither circumstance exists here.  Elbit is an Israeli concern and Credit Suisse is Swiss.  And while the Northern District of Illinois encompasses Chicago and Chicago has some relationship to this case, Elbit's complaint does not set forth facts that show its causes of action conclusively arose in Chicago.  Indeed, Elbit and Credit Suisse both agree that significant events recited in the complaint occurred outside of Chicago and beyond the borders of the United States.

As between the Southern District of New York and the Northern District of Illinois, Credit Suisse maintains that the Southern District of New York is the more appropriate forum because most of the allegations in the complaint (that did not take place outside of the United States) occurred there and more of the relevant witnesses are located within the subpoena power of the Southern District of New York than the Northern District of Illinois.  The complaint makes plain that despite the international scope of the alleged fraud, the domestic locus of Credit Suisse's unilateral actions and the

parties' mutual interactions was in New York. *See generally* Compl.; Gorman. Decl. ¶ 27. For its part, Elbit argues that Credit Suisse has significantly understated this case's connection to Chicago (Resp. 8), but fails to point to Chicago-related allegations sufficient to shift the Complaint's center of gravity away from New York. To wit, Elbit notes that its account was transferred to Chicago in September 2007 (two and a half years after Credit Suisse began managing its funds) and Chicago-based Credit Suisse directors met with Elbit in Israel in October 2007. *See* Compl. ¶ 21; Decl. of Michael Pease ¶¶ 2-3. Elbit also maintains that these Chicago directors are relevant to its allegations because they recognized that the type of securities Credit Suisse purchased on its behalf were not conservative investments. *See* Compl. ¶ 33. But the language supporting this assertion actually underscore the centrality of New York to Elbit's Complaint. Indeed, the cited paragraph contrasts the Chicago directors with "the *New York team handling [Elbit's] account*." *Id*. (emphasis added). The Southern District of New York is therefore the venue nearest the situs of material events alleged in the complaint.

As Elbit's account was allegedly mismanaged in New York, it follows that many potential witnesses reside there and that the Southern District of New York is a more convenient forum for those witnesses than the Northern District of Illinois. Elbit nonetheless urges that Credit Suisse's claim that over half of its witnesses reside in the New York metropolitan area is overstated because many of the New York witnesses will not testify at trial for various reasons (prior damaging testimony in a related arbitration, exercise of the Fifth Amendment). Additionally, Elbit notes that it will call the Chicago-based directors of Credit Suisse as witnesses; presumably they would be inconvenienced by a trip to New York.

4

Both parties present contradictory but equally plausible reasons why Credit Suisse's New York witnesses will or will not actually testify at trial. *See* Reply 7-8; Resp. 9-12. At this early stage, however, the court cannot foresee who will actually testify at trial and will therefore consider Credit Suisse's witness list at face value; it appears New York-centric. The court notes, however, that the location of witnesses still employed by Credit Suisse is irrelevant to this analysis because Credit Suisse is presumed to be able to compel its employees to appear as witnesses. *See Salasnek Fisheries*, No. 93 C 1260, 1993 WL 625537, *5 (N.D. Ill. Sept. 20, 1993). This holding cuts both ways here, as the Chicago-based directors that Elbit plans to call are presumably still employed by Credit Suisse.[1] As for non-party witnesses, several live within the scope of the Southern District of New York's subpoena power and none live within the Northern District of Illinois's. Accordingly, because many of the witnesses reside near the Southern District of New York and the international witnesses are a few hours closer to New York than to Chicago, the convenience of the witnesses favors transfer to the Southern District of New York.

Finally, between the Northern District of Illinois and the Southern District of New York, the convenience of the parties and the relative ease of access to proof is a neutral factor, as both parties are large foreign corporations with correspondingly ample resources. *See Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 776 (N.D. Ill. 1998) (considering ability to bear expenses of litigating in a particular forum). In sum, then, the "private interest" factors discussed above decidedly favor transfer to the Southern District of New York.

---

[1] Reply exhibit G shows that at least one of Credit Suisse's managing directors in Chicago was still employed by Credit Suisse as of August 19, 2009.

The court now considers whether the "interests of justice" favor transfer to the Southern District of New York by assessing (1) the court's familiarity with applicable law, (2) the speed at which the case will proceed to trial, and (3) the desirability of resolving controversies in their locale. *See Software for Moving*, 2007 WL 4365363, at *6. Elbit does not contest (and the court agrees) that its complaint will be resolved at approximately the same speed in the Northern District of Illinois or the Southern District of New York. *Compare* Northern District of Illinois Judicial Caseload Profile (Mem., Ex. E) with Southern District of New York Judicial Case Load Profile (Mem., Ex. F). And as discussed above, New York is the domestic locale that is most related to the allegations in the Complaint. As for the court's familiarity with applicable law: the court is more familiar with the law of Illinois than the law of New York, but Elbit correctly notes that New York law applies only where there is a conflict between New York and Illinois law, and Credit Suisse has not demonstrated that such a conflict exists with respect to Elbit's pendent state law claims. *See Am. Home Assur. Co. v. McLeod USA, Inc.*, 475 F. Supp. 2d 766, 769 n. 1 (N.D. Ill. 2007) (citing *Sterling Fin. Mgmt., L.P. v. UBS Painewebber*, 782 N.E.2d 895, 899 (Ill. 2002)). Accordingly, Credit Suisse has not shown that the "familiarity" standard counsels transfer to the Southern District of New York. One of three "interests of justice" factors thus favor transfer to New York.

## IV. CONCLUSION

The court finds that the interests of justice and the convenience of the parties favor transfer of this case to the United States District Court for the Southern District of New York. The case is transferred.

6

ENTER:

          /s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: December 15, 2009